# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-276V
(Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| JERICA MILES MABRY, *on behalf her minor son, J.L.M.*, | Special Master Corcoran |
| Petitioner, | Filed: September 4, 2019 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Decision by Stipulation; Damages; Conceded; Guillain-Barré Syndrome; DTaP Vaccine; MMR Vaccine. |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Milton Clay Ragsdale, IV*, Ragsdale, LLC, Birmingham, AL, for Petitioner.

*Alexis B. Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 22, 2018, Jerica Mabry filed a petition seeking compensation on behalf of her minor son, J.L.M., under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Ms. Mabry first alleged that J.L.M. developed Guillain-Barré syndrome ("GBS") as a result of the diphtheria, tetanus, acellular pertussis, and inactivated polio ("DTap/IPV") and the measles, mumps, rubella, and varicella ("MMRV") vaccines he received on February 23, 2015. *Id.* at 1.

---

[1] Although not formally designated for publication, this Decision will be posted on the United States Court of Federal Claims website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent denies that J.L.M.'s medical problems were caused by the receipt of the DTap/IPV and MMRV vaccines. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed on September 3, 2019, that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum payment of $85,000.00, in the form of a check payable to Petitioner, Jerica Miles Mabry, as guardian/conservator of J.L.M.'s estate. This amount represents compensation for all elements of compensation under Vaccine Act Section 15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JERICA MILES MABRY, *on behalf of her minor son*, J.L.M., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 18-276V <br> Special Master Corcoran <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her son, J.L.M., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.L.M.'s receipt of the diphtheria, tetanus, acellular pertussis, and inactivated polio vaccine ("DTaP/IPV") and the measles, mumps, rubella, and varicella ("MMRV") vaccine (together "the vaccines"), which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. J.L.M. received his vaccinations on February 23, 2015.

3. The vaccines were administered within the United States.

4. Petitioner alleges that J.L.M. suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the vaccines.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of J.L.M. as a result of his condition.

6. Respondent denies that the vaccines caused J.L.M. to suffer from GBS, or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $85,000.00 in the form of a check payable to petitioner, Jerica Miles Mabry, as guardian/conservator of J.L.M.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of J.L.M. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of J.L.M.'s estate under the laws of the state of Alabama. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian of J.L.M.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian of the estate of J.L.M. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of J.L.M. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of J.L.M., on behalf of herself, J.L.M., and J.L.M.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.L.M. resulting from, or alleged to have resulted from the vaccinations administered on February 23, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about February 22, 2018, in the United States Court of Federal Claims as petition No. 18-276V.

15. If J.L.M. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

19. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP/IPV and MMRV vaccines caused J.L.M. to suffer from GBS, or any other injury or condition.

20. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of J.L.M.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*[signature: Jerica Miles Mabry]*
JERICA MILES MABRY

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*
M. CLAY RAGSDALE
RAGSDALE L.L.C.
517 Beacon Parkway West
Birmingham, AL 35209
(205) 290-6800

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature: Catharine E Reeves by Heather L Pearlman]*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature: Ward Sorensen for]*
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 9/3/19

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
ALEXIS B. BABCOCK
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-7678

5